UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ODIE B. BRYANT** | ***CIVIL ACTION NO. 6:14-0808** |
| **VS.** | ***JUDGE HAIK** |
| **RICHARD ARCENEAUX, ET AL.** | ***MAGISTRATE JUDGE HILL** |

<u>**REPORT AND RECOMMENDATION**</u>

  Currently before the court is a civil action filed by *pro se* plaintiff Odie B. Bryant on April 15, 2014.  On October 10, 2014, the Court issued a Scheduling Order setting various pre-trial deadlines. [rec. doc. 12].

  The Rule 26(f) Report mandated by the Scheduling Order was due in the undersigned's office on November 28, 2014.  [*Id.*].  A separate proposed Rule 26(f) Report was submitted to the offices of the undersigned by counsel for the defendant, which did not contain all of the information required by the plaintiff and was not signed by the plaintiff in this case.  The Court additionally received calls from a representative of the plaintiff inquiring as to whether the plaintiff's portion of the Report could be faxed to Chambers.  Under the circumstances, the undersigned ordered that a complete <u>joint</u> submission of the Rule 26(f) Report, signed by both parties, be submitted to the offices of the undersigned on or before January 6, 2015. [rec. doc. 13].

  The Court thereafter received a second proposed Rule 26(f) Report from defense counsel, which again did not contain all of the information required by the plaintiff and was not signed by the plaintiff in this case.  Accompanying this submission was a letter

from defense counsel outlining her efforts to obtain the required information from the plaintiff to comply with this Court's Order.  That letter, and enclosed attachments was filed in the Court record. [rec. doc. 15-1].

Under the circumstances, the Court issued a Show Cause Order requiring Odie B. Bryant to appear before the undersigned Magistrate Judge on January, 20, 2015 at 10:30 a.m. to show cause why sanctions should not be imposed against him for failing to comply with this Court's Orders. [rec. doc. 15].

On January 20, 2015, defense counsel, Joanne Rinardo appeared for the hearing. However, plaintiff, Odie B. Bryant, failed to appear as Ordered by this Court.  Moreover, the Court received no communication from plaintiff, Odie B. Bryant, as to why he failed to appear. Ms. Rinardo additionally confirmed that she had received no such communication from the plaintiff.

To date, plaintiff, Odie B. Bryant, has not provided the Court with his portion of the Rule 26(f) Report as mandated by this Court's Orders.

## *Law and Analysis*

Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal of an action on motion of the defendant "[i]f  the plaintiff fails to prosecute or to comply with these rules or a court order . . . ."   The district court also has the inherent authority to dismiss an action *sua sponte* for failure of a plaintiff to prosecute or to comply with any order of the court. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8

L.Ed.2d 734 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).  This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link,* 370 U.S. at 630-31.  Plaintiff, Odie B. Bryant, has failed to comply with an Order of this Court directing him to comply with the joint filing of the Rule 26(f) Report and an Order of this Court requiring him to appear before the undersigned to show cause why sanctions should not be imposed against him.  These failures on his part warrant dismissal.

  Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."  *See Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986).  In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors:  "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  *Id*.

  The  requirements for a dismissal with prejudice are satisfied in this case.  Plaintiff has ignored this Court's Order directing him to comply with this Court's Rule 26(f) Report requirement and this Court's Order directing him to appear before the undersigned to show cause for his failure.  Moreover, plaintiff has not communicated with this Court since December, 2014, when his representative called on his behalf. Thus, it appears that plaintiff is no longer interested in pursuing his claims in this Court.

However, the Court is loathe to dismiss the case with prejudice where the plaintiff has shown at least some interest, albeit at an earlier time, to proceed. Accordingly, the Court will recommend dismissal without prejudice.

For the above reasons,

**IT IS RECOMMENDED** that plaintiff's civil action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See, *Douglass v. United Services Automobile***

*Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Lafayette, Louisiana, January 21, 2015.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

COPY SENT
DATE: 1/21/2015
BY: cgc
TO: RTH, pj